IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
(*Charlottesville Division*)

|  |  |
|---|---|
| RYAN LYNCH, and<br>KIMBERLY CASTANO,<br><br>    Plaintiffs,<br><br>v.<br><br>A and A EXECUTIVE TRANSPORTATION<br>SERVICES, INC. d/b/a A and A LIMOUSINE,<br><br>and<br><br>CHARLES HOWARD,<br><br>    Defendants. | Civil No. 3-24-cv-00081 |

**DEFENDANT CHARLES HOWARD'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT
OF HIS MOTION TO DISMISS THE AMENDED COMPLAINT**

COMES NOW Defendant, Charles Howard, by and through the undersigned counsel, and in response to the court's order of March 3, 2025 (Dkt [38]) provides the following Supplemental Memorandum to address how Hughes v. Moore, 197 S.E.2d 214; 214 Va 27 (1973) and Myseros v. Sissler, 387 S.E.2d 463; 239 Va 8 (1990) support dismissal of Counts I, II, III, and VI of the Amended Complaint.

**I.
THE PLAINTIFFS' ALLEGATIONS ARE INSUFFICIENT
UNDER HUGHES AND MYSEROS**

The standard for negligent infliction of emotional distress is even more rigorous than the standard for intentional infliction of emotional distress. To survive a motion to dismiss in a

claim for negligent infliction of emotional distress without physical impact, a plaintiff must plead that the conduct caused the plaintiff *both* emotional disturbance and physical injury. *See* Myseros v. Sissler, 239 Va. 8, 12;  387 S.E.2d 463 (1990); *Hughes v. Moore,* 214 Va. 27, 34; 197 S.E.2d 214 (1973).

In support of claims for emotional distress, the Amended Complaint contains the following allegations:

> 33. *As a result of the severe emotional disturbance and shock* caused by the driver's conduct trapping Ms. Lynch in the dark bus, in an imminently dangerous and life-threatening situation, Ms. Lynch sustained severe emotional trauma and resulting physical injury, including post-traumatic stress disorder ("PTSD"), anxiety, depression, headaches, brain fog, sleep impairments, panic attacks, shortness of breath, nausea, dizziness, and heart palpitations. Ms. Lynch has continued to suffer from these mental and physical impairments since being trapped on the A and A bus, and they have severely impacted her life and will continue to do so for the foreseeable future. (Emphasis added to show plaintiffs' concession that these symptoms are a result of the shock.)
>
> 34. *As a result of the severe emotional disturbance and shock* caused by the driver's conduct trapping Ms. Lynch in the dark bus, unable to escape an imminently dangerous and life-threatening situation, Ms. Lynch has to take medication to alleviate the emotional and physical symptoms of the injuries she sustained on November 13, 2022, and has to obtain regular treatment from a health care professional and will need treatment for the foreseeable future. (Emphasis added to show plaintiffs' concession that these symptoms are a result of the shock.)
>
> 35. As a result of the severe PTSD, anxiety, headaches and panic attacks Ms. Lynch sustained from being trapped on a dark bus with an active shooter, she now has anxiety when she sees blood and suffers from brain fog, which will impact her ability to succeed at her chosen profession of medicine.
>
> 36. Since November 13, 2022, Ms. Lynch has had a fear of buses and public spaces over which she has no control. She can no longer use public transportation, which has increased her transportation costs and costs of living.

37. As a result of the driver's conduct trapping Ms. Castano in the dark bus, unable to escape an imminently dangerous and life-threatening situation, Ms. Castano sustained severe emotional disturbance and shock resulting in physical injury, including post-traumatic stress disorder ("PTSD"), anxiety, depression, headaches, sleep impairments and nightmares, panic attacks, shortness of breath, dizziness, nausea, cold sweats, and heart palpitations. Ms. Castano has continued to suffer from these mental and physical impairments since being trapped on the A and A bus, they have severely impacted her life and will continue to do so for the foreseeable future.

38. *As a result of the severe emotional disturbance and shock* caused by the driver's conduct trapping Ms. Castano in the dark bus with an active shooter, Ms. Castano has panic attacks, nausea, cold sweats, dizziness, shortness of breath, and heart palpitations. These physical impairments prevent her from engaging in her regular activities of daily life. She can no longer use public transportation without risking experiencing these physical and mental symptoms, resulting in an increase in her transportation costs and costs of living. (Emphasis added to show plaintiffs' concession that these symptoms are a result of the shock.)

39. *As a result of the severe emotional disturbance and shock* caused by the driver's conduct trapping Ms. Castano in the dark bus with an active shooter, Ms. Castano must receive ongoing treatment from a health care professional and will need such treatment for the foreseeable future. (Emphasis added to show plaintiffs' concession that these symptoms are a result of the shock and emotional harm.)

\*\*\*

65. Defendants not only failed to take any reasonable precautions to ensure Plaintiffs were safe and protect Plaintiffs from injury, A and A's driver directly and proximately caused Plaintiffs extreme emotional and physical trauma when he actively trapped Plaintiffs in the dark with an active shooter.

\*\*\*

70. As a result of Defendants' gross negligence, Plaintiffs were trapped on a bus with an active shooter with no discernible means of escape, causing them to directly and proximately suffer extreme emotional and physical injury.

\*\*\*

76. As a result of the driver's willful and wanton conduct, Plaintiffs were trapped on a bus with an active shooter with no discernible means of escape causing them to directly and proximately suffer extreme emotional and physical injury.

\*\*\*

3

> 97. The driver not only failed to take any reasonable precautions to ensure Plaintiffs were safe and protect Plaintiffs from injury, he trapped Plaintiffs in the dark with an active shooter, directly and proximately causing them to suffer extreme emotional and physical trauma.
>
> ***
>
> 99. The driver's act of imprisoning Plaintiffs on the bus with an active shooter, their lives in peril, proximately caused Plaintiffs to suffer severe emotional disturbance and physical injury.

Based on the Virginia Supreme Court's rulings in <u>Myseros</u> and <u>Hughes</u>, the plaintiffs have failed to satisfy Virginia law alleging either physical impact or any symptoms or manifestations of purported physical harm. Plaintiffs have merely stated that they suffer from emotional and mental disturbance "resulting in physical harm."  More particularly they allege that "as a result of the emotional disturbance and shock" they have experienced symptoms of emotional distress. These allegations are insufficient as a matter of law and Counts I, II, III, and VI of the Amended Complaint should be dismissed.

In <u>Myseros</u>, a truck driver was forced to step into a busy roadway after an intoxicated motorist bumped his car against the truck driver's gas truck. Id. at 464. The truck driver was not physically injured immediately after the accident, but he felt "scared," "nervous, sweaty, [and] dizzy" the next time he went to work. <u>Id. at 465</u>. Within his complaint the plaintiff in <u>Myseros</u>, alleged that his emotional problems, which stemmed from the traffic accident, were "accompanied by sweating, dizziness, nausea, difficulty sleeping and breathing, constriction of the coronary vessels, two episodes of chest pain, hypertension, unstable angina, and an electrocardiogram showing marked ischemia loss of appetite and weight, change in heart function, and problems with the heart muscle." <u>Id. at 465</u>.  He also claimed "headaches, dizziness, and chest pain." <u>Id.</u> He had been under constant psychiatric care since the accident which had caused his problems. <u>Id</u>.

4

In <u>Myseros</u>, the Virginia Supreme Court rejected the notion that symptoms of emotional harm could satisfy the physical injury requirement. The Supreme Court of Virginia reversed a jury verdict in favor of the plaintiff and found, as a matter of law, that symptoms such as these simply did not satisfy the physical injury requirement of Virginia law. <u>Id. at 466.</u> More particularly the court held that these conditions were typical symptoms of an emotional disturbance/ anxiety disorder, for which there could be no recovery under <u>Hughes v. Moore</u>, in the absence of resulting physical injury. <u>Id. at 466</u>.

In the case at hand, the plaintiffs have alleged nothing more than symptoms of emotional harm that do not satisfy the physical injury requirement established by <u>Myseros</u>. As such, Counts I, II, III, and VI of the Amended Complaint should be dismissed.

The same result would be achieved following the Supreme Court's ruling in <u>Hughes v. Moore</u>. In <u>Hughes</u>, the Virginia Supreme Court upheld a jury verdict for a woman who was standing inside her house when a man accidentally drove his car into the front porch of the house. <u>Id. at 220</u>. The woman did not suffer immediate physical ailment, but two days after the accident, she complained to her doctor that she was no longer able to breast-feed her three month old baby due to a lack of milk, and her menstrual period started, which was not normal for a mother nursing her child. <u>Id. at 215</u>. The Court held this conditions constituted evidence that she suffered physical injuries which were the natural result of the fright and shock proximately caused by the defendant's tortious conduct. <u>Id. at 220</u>. The <u>Hughes</u> Court ruled that a party may recover for negligent infliction of emotional distress where there is a clear and unbroken chain of causal connection between the negligent act, the emotional disturbance, and the physical injury. <u>Id. at 219</u>. In particular, the Court held:

5

> [W]here conduct is merely negligent, not willful, wanton, or vindictive, and physical impact is lacking, there can be no recovery for emotional disturbance alone. We hold, however, that where the claim is for emotional disturbance *and* physical injury resulting therefrom, there may be recovery for negligent conduct, notwithstanding the lack of physical impact, provided the injured party properly pleads and proves by clear and convincing evidence that his physical injury was the natural result of fright or shock proximately caused by the defendant's negligence. Id. (emphasis added).

The Virginia Supreme Court clarified this rule later in the opinion, stating, "[W]e are not saying that a plaintiff, in an action for negligence, may recover damages for physical injuries resulting from fright or shock caused by witnessing injury to another, allegedly occasioned by the negligence of a defendant toward a third person, or caused by seeing the resulting injury to a third person after it has been inflicted through defendant's negligence." Id. at 219-20.

In Hughes, the plaintiff had direct physical manifestations from the incident. In the case at hand all of the manifestations complained of by the plaintiffs are general symptoms of emotional harm that do not satisfy the physical injury requirement. Under Hughes and Myseros, it is apparent that the difficulties alleged in the amended complaint are "typical symptoms of an emotional disturbance" rather than physical injuries resulting naturally from fright or shock proximately caused by Charles Howard. Consequently, Counts I, II, III, and VI of the Amended Complaint should be dismissed.

RESPECTFULLY SUBMITTED,

CHARLES HOWARD,

BY COUNSEL

 /s/ *Terry Lynn*_____
Terry Lynn, Esq. (VSB No. 39926)
Law Offices of Terry Lynn PLLC
695 Bent Oaks Drive
PO Box 374
Earlysville, VA 22936
Phone: (434) 964-9152
Fax: (434) 964-9275
E-mail: terry@terrylynnlaw.com
*(Counsel for Charles Howard)*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of ***Charles Howard's Supplemental Memorandum in support of the Motion to Dismiss*** was served via the Court's e-filing service and electronic mail, on this 7th day of March 2025 to:

> Roya Vasseghi, Esq.
> Vasseghi Law Group
> 9663-D Main Street
> Fairfax, VA 22031
> (703)215-9358 (Telephone)
> (703)563-7401 (Facsimile)
> roya@vasseghilaw.com
> *Counsel for Plaintiffs*
>
> Peter J. Caramanis, Esq.
> Royer Caramanis PLC
> 200-C Garrett Street
> Charlottesville, VA 22902
> (434)260-8767 x 302 (Telephone)
> pcaramanis@rc.law
> *Counsel for A and A Executive Transportation Services, Inc. d/b/a A and A Limousine*

> /s/ *Terry Lynn*_____
> Terry Lynn

M:\Lynch V. Howard\Memorandum In Support Of Motion To Dismiss.Docx