IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
*Charlottesville Division*

RYAN LYNCH and
KIMBERLY CASTANO,

      Plaintiffs,

v.

A AND A LIMOUSINE SERVICE, LLC, and
CHARLES HOWARD,

      Defendants.

Civil No. 3:24-cv-00081

### **DEFENDANT A AND A LIMOUSINE SERVICE, LLC'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

The Defendant, A and A Limousine Service, LLC, a Virginia limited liability company ("Defendant"), by and through undersigned counsel, hereby submits its Answer to Plaintiffs' Second Amended Complaint and states as follows:

### **As to Parties**

1. Defendant is without sufficient knowledge to admit or deny Paragraph 1 of the Second Amended Complaint.

2. Defendant is without sufficient knowledge to admit or deny Paragraph 2 of the Second Amended Complaint.

3. In response to Paragraph 3 of the Second Amended Complaint, it is denied that Defendant is a corporation. It is admitted that Defendant's principal and registered offices are as alleged. The remaining allegation calls for a legal conclusion for which no response is required.

4. In response to Paragraph 4 of the Second Amended Complaint, it is admitted that Charles Howard is a natural person who resides in the Commonwealth of Virginia and was an employee of Defendant. The remaining allegations set forth in Paragraph 4 contain conclusions of law for which no responses are required.

### As to Jurisdiction and Venue

5. Paragraph 5 of the Second Amended Complaint calls for a legal conclusion for which no response is required.

6. Paragraph 6 of the Second Amended Complaint calls for a legal conclusion to which no response is required. To the extent any allegations in Paragraph 6 are considered factual allegations, they are denied.

7. Paragraph 7 of the Second Amended Complaint calls for a legal conclusion to which no response is required.

### As to Factual Allegations

8. Defendant is without sufficient knowledge to admit or deny Paragraph 8 of the Second Amended Complaint.

9. Defendant is without sufficient knowledge to admit or deny Paragraph 9 of the Second Amended Complaint.

10. Defendant is without sufficient knowledge to admit or deny Paragraph 10 of the Second Amended Complaint.

11. In response to Paragraph 11 of the Second Amended Complaint, Defendant admits that the subject bus was owned and operated by Defendant and was hired by the University of Virginia to transport students to D.C. Defendant is without sufficient knowledge to admit or deny the remaining allegations set forth in Paragraph 11 of the Second Amended Complaint.

12.     In response to Paragraph 12 of the Second Amended Complaint, Defendant admits only that Charles Howard drove the subject bus. The remaining allegations set forth in Paragraph 12 contain conclusions of law for which no responses are required.

13.     Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 13 of the Second Amended Complaint regarding Plaintiffs' alleged observations. To the extent Paragraph 13 implies an alleged duty to have acted as described, such implication is in contradiction of this Court's order dated July 11, 2025 (Document #54) which directed plaintiffs to remove allegations relating to defendants' alleged duty to provide passengers with safety information prior to the shooting and held there was no such duty.

14.     Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 14 of the Second Amended Complaint regarding Plaintiffs' alleged observations. To the extent Paragraph 14 implies an alleged duty to have acted as described, such implication is in contradiction of this Court's order dated July 11, 2025 (Document #54) which directed plaintiffs to remove allegations relating to defendants' alleged duty to provide passengers with safety information prior to the shooting and held there was no such duty.

15.     Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 15 of the Second Amended Complaint regarding Plaintiffs' alleged observations. To the extent Paragraph 15 implies an alleged duty to have acted as described, such implication is in contradiction of this Court's order dated July 11, 2025 (Document #54) which directed plaintiffs to remove allegations relating to defendants' alleged duty to provide passengers with safety information prior to the shooting and held there was no such duty.

16.     Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 16 of the Second Amended Complaint regarding Plaintiffs' alleged observations. To

the extent Paragraph 16 implies an alleged duty to have acted as described, such implication is in contradiction of this Court's order dated July 11, 2025 (Document #54) which directed plaintiffs to remove allegations relating to defendants' alleged duty to provide passengers with safety information prior to the shooting and held there was no such duty.

17. Defendant is without sufficient knowledge to admit or deny the allegations of Paragraph 17 of the Second Amended Complaint. To the extent Paragraph 17 implies an alleged duty to have acted as described, such implication is in contradiction of this Court's order dated July 11, 2025 (Document #54) which directed plaintiffs to remove allegations relating to defendants' alleged duty to provide passengers with safety information prior to the shooting and held there was no such duty.

18. In response to Paragraph 18 of the Second Amended Complaint, Defendant admits that students boarded the A and A bus in D.C. to return to the University of Virginia. Defendant is without sufficient knowledge to admit or deny the remaining allegations set forth in Paragraph 18.

19. Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 19 of the Second Amended Complaint.

20. Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 20 of the Second Amended Complaint.

21. Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 21 of the Second Amended Complaint.

22. Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 22 of the Second Amended Complaint.

23. Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 23 of the Second Amended Complaint.

24. Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 24 of the Second Amended Complaint.

25. In response to Paragraph 25 of the Second Amended Complaint, Defendant denies that the bus driver abandoned the bus closing the doors behind him. The specific allegations of this paragraph do not actually allege Ms. Lynch *saw* the bus driver do *anything* but only describes a conclusion that she made upon seemingly observing a closed door. Defendant is without sufficient knowledge to admit or deny any allegation about what conclusion Ms. Lynch may have made.

26. Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 26 of the Second Amended Complaint. To the extent Paragraph 26 implies an alleged duty to have acted as described, such implication is in contradiction of this Court's order dated July 11, 2025 (Document #54) which directed plaintiffs to remove allegations relating to defendants' alleged duty to provide passengers with safety information prior to the shooting and held there was no such duty.

27. Defendant is without sufficient knowledge to admit or deny the allegations set forth in Paragraph 27 of the Second Amended Complaint because the alleged moment in time "after 10 PM" is unclear as alleged.

28. In response to Paragraph 28 of the Second Amended Complaint, Defendant is without sufficient knowledge to admit or deny what Ms. Lynch believes she heard. The remaining allegations set forth in Paragraph 28 of the Second Amended Complaint are denied.

29. The allegations set forth in Paragraph 29 are denied and strict proof is demanded thereof.

30. Paragraph 30 of the Second Amended Complaint is denied. To the extent Paragraph 30 implies an alleged duty to have acted as described, such implication is in contradiction of this

5

Court's order dated July 11, 2025 (Document #54) which directed plaintiffs to remove allegations relating to defendants' alleged duty to provide passengers with safety information prior to the shooting and held there was no such duty. Defendant is without sufficient knowledge to admit or deny what distress may have been suffered by plaintiff but denies that any such distress was caused by any action or inaction of defendants.

31. Paragraph 31 of the Second Amended Complaint is denied.

32. In response to Paragraph 32 of the Second Amended Complaint, Defendant admits that the shooter and some passengers fled the bus after the door was opened. It is denied that all passengers/students were able to flee or seek safe shelter.

33. In response to Paragraph 33 of the Second Amended Complaint, Defendant is without sufficient knowledge to admit or deny plaintiff's mental or emotional condition, but denies that any action of defendants trapped her in the bus or caused trauma or injury to plaintiff. The remaining allegations set forth in Paragraph 33 of the Second Amended Complaint are denied.

34. In response to Paragraph 34 of the Second Amended Complaint, Defendant is without sufficient knowledge to admit or deny plaintiff's mental or emotional condition but denies that any action of defendants trapped her in the bus or caused trauma or injury to plaintiff. The remaining allegations set forth in Paragraph 34 of the Second Amended Complaint are denied.

35. In response to Paragraph 35 of the Second Amended Complaint, Defendant is without sufficient knowledge to admit or deny plaintiff's mental or emotional condition but denies that any action of defendants trapped her in the bus or caused trauma or injury to plaintiff. The remaining allegations set forth in Paragraph 35 of the Second Amended Complaint are denied.

36. Defendant is without sufficient knowledge to admit or deny Paragraph 36 of the Second Amended Complaint.

37.     In response to Paragraph 37 of the Second Amended Complaint, Defendant is without sufficient knowledge to admit or deny plaintiff's mental or emotional condition but denies that any action of defendants trapped her in the bus or caused trauma or injury to plaintiff. The remaining allegations set forth in Paragraph 37 of the Second Amended Complaint are denied.

38.     In response to Paragraph 38 of the Second Amended Complaint, Defendant is without sufficient knowledge to admit or deny plaintiff's mental or emotional condition but denies that any action of defendants trapped her in the bus or caused trauma or injury to plaintiff. The remaining allegations set forth in Paragraph 38 of the Second Amended Complaint are denied.

39.     In response to Paragraph 39 of the Second Amended Complaint, Defendant is without sufficient knowledge to admit or deny plaintiff's mental or emotional condition but denies that any action of defendants trapped her in the bus or caused trauma or injury to plaintiff. The remaining allegations set forth in Paragraph 39 of the Second Amended Complaint are denied.

### As to Vicarious Liability/Respondeat Superior

40.     The allegations set forth in Paragraph 40 of the Second Amended Complaint state a conclusion of law to which no response is required.

41.     The allegations set forth in Paragraph 41 of the Second Amended Complaint state a conclusion of law to which no response is required.

42.     Paragraph 42 of the Second Amended Complaint is admitted.

43.     The allegations set forth in Paragraph 43 of the Second Amended Complaint state conclusions of law to which no responses are required. To the extent Paragraph 43 implies an alleged duty to have acted as described, such implication is in contradiction of this Court's order dated July 11, 2025 (Document #54) which directed plaintiffs to remove allegations relating to

defendants' alleged duty to provide passengers with safety information prior to the shooting and held there was no such duty.

44. In response to Paragraph 44 of the Second Amended Complaint, Defendant denies that Howard abandoned the bus imprisoning its passengers. The remaining allegations set forth in Paragraph 44 of the Second Amended Complaint state conclusions of law to which no responses are required.

45. The allegations set forth in Paragraph 45 of the Second Amended Complaint state conclusions of law to which no responses are required.

46. The allegations set forth in Paragraph 46 of the Second Amended Complaint state conclusions of law to which no responses are required.

### As to Defendants' Duty of Care to Plaintiffs

47. The allegations set forth in Paragraph 47 of the Second Amended Complaint state conclusions of law to which no responses are required.

48. The allegations set forth in Paragraph 48 of the Second Amended Complaint state conclusions of law to which no responses are required.

49. Paragraph 49 of the Second Amended Complaint states a legal conclusion to which no response is required.

50. Paragraph 50 of the Second Amended Complaint states a legal conclusion to which no response is required.

51. Paragraph 51 of the Second Amended Complaint states a legal conclusion to which no response is required.

52. The allegations set forth in Paragraph 52 of the Second Amended Complaint state conclusions of law to which no responses are required.

53. Paragraph 53 of the Second Amended Complaint asserts a legal conclusion for which no response is required.

54. Paragraph 54 of the Second Amended Complaint asserts a legal conclusion for which no response is required.

55. Paragraph 55 of the Second Amended Complaint asserts a legal conclusion for which no response is required.

56. Paragraph 56 of the Second Amended Complaint asserts a legal conclusion for which no response is required.

57. In response to the allegations set forth in Paragraph 57 of the Second Amended Complaint that are directed toward Defendant, Defendant denies the allegations and demands strict proof thereof. The remaining allegations set forth in Paragraph 57 are not directed toward Defendant and no response is required.

58. In response to the allegations set forth in Paragraph 58 of the Second Amended Complaint Defendant denies the factual allegations and demands strict proof thereof. The remaining allegations set forth in Paragraph 58 assert legal conclusions for which no response is required.

59. Paragraph 59 of the Second Amended Complaint is denied.

### As to Count I: Willful and Wanton Negligence

60. In response to Paragraph 60 of the Second Amended Complaint, Defendant restates and realleges the foregoing responses as if fully set forth herein verbatim.

61. Paragraph 61 of the Second Amended Complaint is denied, and Defendant demands strict proof thereof.

62. Paragraph 62 of the Second Amended Complaint is denied, and Defendant demands strict proof thereof.

63. Paragraph 63 of the Second Amended Complaint states a legal conclusion for which no response is required.

64. Paragraph 64 of the Second Amended Complaint is denied, and Defendant demands strict proof thereof.

65. Paragraph 65 of the Second Amended Complaint is denied, and Defendant demands strict proof thereof.

### As to Count II: False Imprisonment

66. In response to Paragraph 66 of the Second Amended Complaint, Defendant restates and realleges the foregoing responses as if fully set forth herein verbatim.

67. Paragraph 67 of the Second Amended Complaint is denied, and Defendant demands strict proof thereof.

68. Paragraph 68 of the Second Amended Complaint is denied, and Defendant demands strict proof thereof.

69. In response to Paragraph 69 of the Second Amended Complaint, Defendant is without sufficient knowledge to admit or deny what each passenger may have been yelling or perceiving, but denies that anyone was imprisoned in the vehicle due to any action or inaction of defendants.

70. In response to Paragraph 70 of the Second Amended Complaint, Defendant is without sufficient knowledge to admit or deny what Plaintiffs believed.

71. In response to Paragraph 71 of the Second Amended Complaint, Defendant denies that its driver restrained Plaintiff's physical liberty..

72. In response to Paragraph 72 of the Second Amended Complaint, Defendant denies that the Plaintiffs were falsely imprisoned on the bus.

### As to Count III: Intentional Infliction of Emotional Distress

73. In response to Paragraph 73 of the Second Amended Complaint, Defendant restates and realleges the foregoing responses as if fully set forth herein verbatim.

74. Defendant denies the allegations set forth in Paragraph 74 of the Second Amended Complaint and demands strict proof thereof.

75. Defendant denies the allegations set forth in Paragraph 75 of the Second Amended Complaint.

76. Defendant denies the allegations set forth in Paragraph 76 of the Second Amended Complaint.

77. Defendant denies the allegations set forth in Paragraph 77 of the Second Amended Complaint as relates to any action or inaction of defendants.

78. Defendant denies the allegations set forth in Paragraph 78 of the Second Amended Complaint as relates to any action or inaction of defendants.

79. Defendant denies that Plaintiffs are entitled to any relief sought in their Prayer for Relief.

80. Defendant denies that Plaintiffs have alleged any basis or are otherwise entitled to any award of punitive damages or attorneys' fees.

**As affirmative defenses Defendant further states as follows:**

81. The truly liable party for Plaintiffs' alleged injuries is the criminal actor who fired the shots, which action was the direct and proximate cause of all alleged injuries and alleged damages.

82. Whatever injuries and damages, if any, may have been sustained by Plaintiffs, they were due to the superseding and/or intervening cause of the third-party shooter beyond the control of Defendant.

83. The facts do not support Plaintiffs' claims for punitive damages, the imposition of such would violate the laws of the Commonwealth of Virginia and Defendant's due process rights as provided by the United States Constitution and comparable provisions set forth in the Constitution of Virginia.

84. No award for punitive damages shall exceed the statutory limits under Virginia Code § 8.01-38.1.

85. Defendant invokes all applicable statutory caps on damages Plaintiffs may claim.

86. The Second Amended Complaint fails to state the amount of damages sought and allocate such damages among Plaintiffs and Defendants.

87. Plaintiffs have based their causes of action on the critical and false allegation that the bus driver abandoned the bus and closed the door behind him trapping passengers inside without having or alleging any direct evidence of the same.

88. Defendant reserves and does not waive any additional defenses, including affirmative defenses, and/or claims it may have or which may become available throughout the course of discovery and this litigation.

WHEREFORE, for the reasons stated above, Defendant respectfully asks this Court to dismiss the Second Amended Complaint as against Defendant, for costs and attorney's fees as appropriate, and to grant such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

**A AND A LIMOUSINE SERVICE, LLC**
By Counsel

*/s/ Peter J. Caramanis*
_____
Peter J. Caramanis (VSB No. 43447)
Jessica F. Phillips (VSB No. 65953)
ROYER CARAMANIS PLC
200-C Garrett St.
Charlottesville, VA 22902
(434) 260-8767
pcaramanis@rc.law
jphillips@rc.law

## CERTIFICATE OF SERVICE

    I hereby certify that on August 19, 2025, a true and correct copy of the foregoing was electronically filed using the CM/ECF system which will send notification of such filing to the following:

Roya Vasseghi, Esq.
Vasseghi Law Group
9663-D Main Street
Fairfax, VA 22031
*Counsel for Plaintiffs*

and

Terry Lynn, Esq.
Law Offices of Terry Lynn PLLC
695 Bent Oaks Drive
P.O. Box 374
Earlysville, VA 22936
*Counsel for Defendant Charles Howard*

                        */s/ Peter J. Caramanis*
                        _____
                        Peter J. Caramanis (VSB No. 43447)
                        Jessica F. Phillips (VSB No. 65953)
                        ROYER CARAMANIS PLC
                        200-C Garrett St.
                        Charlottesville, VA 22902
                        (434) 260-8767 (phone)
                        (434) 710-4061 (fax)
                        pcaramanis@rc.law
                        jphillips@rc.law

                        *Counsel for Defendant A and A Limousine Service, LLC*